IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00267-PAB-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALL MONIES SEIZED FROM BANK ACCOUNTS, PLUS ALL ACCRUED AND EARNED INTEREST IN THE NAME OF LUIS VILLALOBOS,

    Defendant.

## ORDER

This matter is before the Court on the motion to declare 31 U.S.C. § 5317 unconstitutional as applied to Luis and Alma Villalobos ("Mot.") [Docket No. 63]. The United States has brought this civil forfeiture action against monies seized from numerous bank accounts in the name of Luis Villalobos based on a violation of the structuring laws. Section 5317(c)(2) of Title 31 of the United States Code provides that "[a]ny property involved in a violation of section . . . 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy, may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code." Section 5324(a)(3) prohibits the "structuring" of financial transactions "for the purpose of evading the reporting requirements of section 5313(a)," which places certain reporting obligations on financial institutions. *See* 31 U.S.C. § 5324(a)(3); *see also* 31 U.S.C. § 5313(a).

On July 7, 2008, Luis G. Villalobos and his mother Alma Villalobos filed a Verified Statement of Interest [Docket No. 22] in defendant property. On August 29, 2008, Luis Villalobos, the father of Luis G. Villalobos, filed a Verified Statement of Interest [Docket No. 29]. However, on October 30, 2008, Luis G. Villalobos filed a Motion to Withdraw Claim [Docket No. 38], which was granted by Order of November 18, 2008 [Docket No. 43]. Thus, at the present time, Luis Villalobos, the father, and Alma Villalobos are the only claimants involved in the forfeiture action. The Villaloboses admit that their son was acting as their agent in making the bank deposits, but deny that they directed their son to structure such deposits with the intent to evade bank reporting requirements. Final Pretrial Order [Docket No. 80] at 2-3.

The Villaloboses argue, without citation, that it is unconstitutional to apply the civil forfeiture provisions of section 5317 to monies that were not "the instrument of illegality or fruits of any criminal activity." Reply [Docket No. 70] at 2, ¶ 2. As the United States points out, however, section 5324 provides that the structuring of deposits in order to evade a financial institution's reporting requirements is itself a criminal act. *See* 31 U.S.C. § 5324(a)(3).

The Villaloboses have not identified any authority for their claim that criminalizing such conduct is unconstitutional. Instead, they challenge the application of the statute to individuals who "lacked any criminally culpable intent," Mot. at 3, ¶ 7, and add that they "strongly deny that there was any attempt or intent to evade reporting requirements and said issue is the subject of this dispute." Reply at 2, ¶ 3. Such contentions, however, are challenges to the adequacy of the government's proof of the mens rea element of the relevant offense. *See United States v. MacPherson*, 424 F.3d 183, 189

(2d Cir. 2005) (stating the elements of a structuring offense as follows: "(1) the defendant must, in fact, have engaged in acts of structuring; (2) he must have done so with knowledge that the financial institutions involved were legally obligated to report currency transactions in excess of $10,000; and (3) he must have acted with the intent to evade this reporting requirement."); *see also* Tenth Circuit Pattern Jury Instructions (Criminal) § 2.96 (2005).[1] The Villaloboses cite no authority for the proposition that, if they acted with the requisite intent, the statute is otherwise unconstitutional.[2] As for whether the plaintiff has proffered sufficient evidence to support civil forfeiture, the Court will take up that issue upon resolving the pending motions for summary judgment in this case. *See* Docket Nos. 61, 62.

For the foregoing reasons, it is

**ORDERED** that the motion to declare 31 U.S.C. § 5317 unconstitutional as applied to Luis and Alma Villalobos [Docket No. 63] is DENIED.

---

[1] In *Ratzlaf v. United States*, 510 U.S. 135, 136 (1994), the Supreme Court held that a conviction for structuring required that defendant know his conduct was unlawful. However, "Congress has since amended the statute so that willfulness is no longer required for a violation of 31 U.S.C. § 5324." *Aversa v. United States*, 99 F.3d 1200, 1205 n.4 (1st Cir. 1996) (citation omitted).

[2] The Villaloboses also contend that forfeiture of the monies violates the takings clause of the Fifth Amendment to the United States Constitution. However, if the government establishes its right to the monies under the civil forfeiture statute, it "may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain." *Bennis v. Michigan*, 516 U.S. 442, 452 (1996); *see AmeriSource Corp. v. United States*, 525 F.3d 1149, 1154 (Fed. Cir. 2008) ("*Bennis* suggests that so long as the government's exercise of authority was pursuant to some power other than eminent domain, then the plaintiff has failed to state a claim for compensation under the Fifth Amendment. The innocence of the property owner does not factor into the determination.") (citations omitted).

DATED March 31, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge